UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK FRED McFARLAND,<br><br>                Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No.  C06-5075RJB<br>CR 88-0034JT<br><br>ORDER DISMISSING CASE |

      This matter comes before the court on petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1), and on petitioner's request for appointment of counsel (Dkt. 4).  The court has considered the relevant documents and the file herein.

PROCEDURAL HISTORY

      On July 7, 1988, petitioner was convicted by a jury of conspiracy to distribute cocaine, distribution of cocaine, and use of communication to facilitate a conspiracy. On September 9, 1988, petitioner was sentenced to twenty years of imprisonment and a four year term of supervised release. *United States v. McFarland*, CR88-34T, Dkt. 334.  Judgment and Commitment was entered on September 15, 1988. *Id.* Petitioner appealed, arguing that the district judge erred in refusing to give three proposed instructions, and that there was insufficient evidence to convict him. *United States v. McFarland*, CR88-34T, Dkt. 480.  The Ninth Circuit U.S. Court of Appeals affirmed the convictions on October 4, 1990. *Id.*  Petitioner is apparently still in custody pursuant to these convictions.

ORDER
Page - 1

On June 19, 2003, petitioner filed a "Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(a) to Strike Special Parole Term as Illegal (Old Law)." *Emphasis in the original*. *United States v. McFarland*, CR88-34T, Dkt. 516. On July 11, 2003, Judge Tanner denied the motion. *United States v. McFarland*, CR88-34T, Dkt. 518. Petitioner appealed, and, on March 22, 2004, the Clerk's Office noted that it had received Mandate from the Ninth Circuit, affirming the district court decision. *See* Court Log. A copy of the Mandate does not appear in the CR88-34T file. A copy of the relevant page of the court log has been entered into the record in this civil case as Dkt. 5.

On February 7, 2006, petitioner filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Dkt. 1. The motion requests the following:

> I want to go back to the courts to be sentenced under the law of the time of my charge & conviction. I didn't fully understand this untell [sic] recently.

Dkt. 1, at 13.

On December 22, 2005, the Clerk had received a document from petitioner, requesting that the court appoint an attorney to look into resentencing "under the law that come [sic] into effect when I was charged arrested & sentenced back in 1988." This request is apparently related to this Section 2255 motion, and has been docketed in this civil case. Dkt. 4.

LEGAL STANDARD

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

DISCUSSION

**1. Limitations Period**

28 U.S.C. § 2255 provides in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final in 1990. The one year limitations period has long since passed. Petitioner has not shown grounds for tolling the statute of limitations, nor has he shown why the statute of limitations should not apply in his case. The court should dismiss this Section 2255 petition as barred by the limitations period of 28 U.S.C. § 2255.

The court notes that petitioner previously filed a motion to correct his sentence under Fed.R.Crim.P. 35(a). The court need not reach the issue of whether the current motion under 28 U.S.C. § 2255 is a second or successive motion under Section 2255.

**2. Request for Appointment of Counsel**

Petitioner requests that the court appoint counsel to look into this matter. Dkt. 4. Because this motion is barred by the limitations provision of 28 U.S.C. § 2255, appointment of counsel is not warranted. Petitioner's request for appointment of counsel should be denied.

Therefore, it is hereby

**ORDERED** that petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1) is **DISMISSED.** Petitioner's request for appointment of counsel (Dkt. 4) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of February, 2006.

                /s/ Robert J. Bryan
                Robert J. Bryan
                United States District Judge